# Supreme Court of Florida

---

No. SC20-1128

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.423.**

November 18, 2021

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of General Practice and Judicial Administration. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(f)(1). We have jurisdiction.[1]

In response to a referral by the Court, The Florida Bar's Rules of General Practice and Judicial Administration Committee coordinated an Ad Hoc Joint Rules Subcommittee (Ad Hoc Subcommittee) and filed a joint report proposing new Florida Rule of General Practice and Judicial Administration 2.423 ("Marsy's Law" Crime Victim Information Within Court Filing) in response to

---

1. *See* art. V, § 2(a), Fla. Const.

the recent victims' rights constitutional amendment known as Marsy's Law. *See* art. I, § 16(b), Fla. Const. The Ad Hoc Subcommittee and The Florida Bar Board of Governors unanimously approved the rule proposal. After the report was filed with the Court, the Court published the proposals for comment, and two comments were received.

After reviewing the proposal, considering the comments and response filed, and having had the benefit of oral argument, we adopt new rule 2.423 with modifications.

First, new subdivision (a) (Scope and Purpose) outlines the procedural authority for the confidentiality of crime victim information in "the records of the judicial branch of government in criminal and juvenile justice cases."

Next, new subdivision (b) (Definitions) provides specific definitions for the terms "confidential crime victim information," "crime," "criminal," and "victim."

Additionally, new subdivision (c) (Confidential and Exempt Records) references rule 2.420(c)(9) and states that "confidential crime victim information is determined to be confidential on the

grounds that confidentiality is required to comply with the Florida Constitution."

Also, new subdivision (d) (Procedure for Identifying Confidential Crime Victim Information in Criminal and Juvenile Court Records) provides a procedure for identifying the documents and information subject to protection. However, we add the word "prominently" between "shall" and "indicate" in subdivision (d)(1), as suggested by the Florida Court Clerks and Comptrollers, to require the filer of an initial charging document to prominently indicate the existence of confidential crime victim information in court records.

Further, we decline to adopt proposed subdivision (e) (Duration of Confidentiality).

Last, Appendix A (Notice of Confidential Crime Victim Information within Court Filing) is a sample form that can be used to identify confidential information within an attached document or a document that has already been filed without such a form.

Accordingly, the Florida Rules of General Practice and Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The

amendments shall take effect immediately upon release of this opinion.

It is so ordered.

POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
CANADY, C.J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

CANADY, C.J., concurring in part and dissenting in part.

I concur with the proposed rule amendments with one exception. I would revise the definition of "confidential crime victim information" in subdivision (b)(1) to track the provision of article I, section 16(b)(5) of the Florida Constitution, which establishes: "The *right to prevent the disclosure* of information or records that could be used to locate or harass the victim or the victim's family, or which could disclose confidential or privileged information of the victim." (Emphasis added.) By establishing a "right to prevent" disclosure, the constitutional provision indicates that action must be taken by the victim to assert the right. At the end of the definition of "confidential crime victim information," I therefore

would add the following phrase: "if the victim has asserted the right to prevent disclosure of such information."

Original Proceeding – Florida Rule of General Practice and Judicial Administration

Stanford R. Solomon, Chair, Florida Rules of General Practice and Judicial Administration Committee, Tampa, Florida, and Michael Jeffrey Korn, Past Chair, Florida Rules of General Practice and Judicial Administration Committee, Jacksonville, Florida; Michael W. Schmid, Chair, Ad Hoc Joint Subcommittee, Tampa, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

 for Petitioner

Carol Jean LoCicero and Mark R. Caramanica of Thomas & LoCicero PL, on behalf of News Media Coalition, Tampa, Florida; and Tara S. Green, on behalf of Florida Court Clerks and Comptrollers, Green Springs, Florida, and Laura E. Roth, on behalf of Florida Court Clerks and Comptrollers, DeLand, Florida,

 Responding with comments

# APPENDIX

## RULE 2.423.   "MARSY'S LAW" CRIME VICTIM INFORMATION WITHIN COURT FILING

**(a)    Scope and Purpose.**  As provided by article I, section 16 of the Florida Constitution, known as "Marsy's Law," the following rule shall govern public access to and the protection of the records of the judicial branch of government in criminal and juvenile justice cases as it pertains to confidential crime victim information.  This rule shall be interpreted to be consistent with the scope and purpose of rule 2.420.

**(b)    Definitions.**

(1)    "Confidential crime victim information" means any information contained within a court record that could be used to locate or harass the victim or the victim's family, or which could disclose confidential or privileged information of the victim.

(2)    "Crime" and "criminal" include delinquent acts and conduct.

(3)    A "victim" is a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act or against whom the crime or delinquent act is committed.  The term "victim" includes the victim's lawful representative, the parent or guardian of a minor victim, or the next of kin of a homicide victim, except upon a showing that the interest of such individual would be in actual or potential conflict with the interests of the victim.  The term "victim" does not include the accused.

**(c)    Confidential and Exempt Records.**  In accordance with rule 2.420(c)(9), confidential crime victim information is determined to be confidential on the grounds that confidentiality is required to comply with the Florida Constitution.

**(d)    Procedure for Identifying Confidential Crime Victim Information in Criminal and Juvenile Court Records.**

(1)	The filer of an initial charging document shall prominently indicate the existence of confidential crime victim information pursuant to article I, section 16 of the Florida Constitution.  If the filer indicates the existence of confidential crime victim information, the clerk of the court shall designate and maintain the confidentiality of any such information contained within the initial charging document.

(2)	Except as provided under subdivision (d)(1), the filer of any document with the court under subdivision (d) shall ascertain whether it contains any confidential crime victim information.  If the filer believes in good faith that information is confidential, the filer shall request that the information be maintained as confidential by contemporaneously filing a "Notice of Confidential Crime Victim Information within Court Filing."

(3)	A crime victim, the filer, a party, or any affected nonparty may file a Notice of Confidential Crime Victim Information within Court Filing at any time.

(4)	Filers of subsequent court filings shall limit the presence of crime victim identifying information in accordance with rule 2.425(a)(3) or file a Notice of Crime Victim Information within Court Filing with each subsequent court filing that contains confidential crime victim information.

(5)	A Notice of Confidential Crime Victim Information within Court Filing:

(A)	Shall identify the precise location of the confidential information within the document being filed.

(B)	Shall be confidential to the extent it contains crime victim information pursuant to article I, section 16.

(C)	Shall not be required when an entire case file is maintained as confidential.

(D)	A form shall accompany this rule.

(6)     If a Notice of Crime Victim Information within Court Filing is filed, the clerk of court shall review the filing identified as containing confidential crime victim information to determine whether the purported confidential information is facially subject to confidentiality under article I, section 16(b)(5) of the Florida Constitution.

(A)     The clerk of the court shall designate and maintain the confidentiality of any such information contained within a court record.

(B)     If the clerk determines that the information is not confidential, the clerk shall notify the filer in writing within 5 days of filing the notice and thereafter shall maintain the information as confidential for 10 days from the date such notification by the clerk is served.  The information shall not be held as confidential for more than that 10-day period, unless a motion has been filed pursuant to rule 2.420(d)(3).

## APPENDIX A
## NOTICE OF CONFIDENTIAL CRIME VICTIM INFORMATION WITHIN COURT FILING

Pursuant to Florida Rule of General Practice and Judicial Administration 2.423, I hereby certify:

( )     (1) I am filing a document containing confidential crime victim information as described in rule 2.423(b)(1) and that:

(a)     The title/type of the document is _____, and;

(b)     ( )     the entire document is confidential, or

( )     the confidential information within the document is precisely located at: _____.

or

( )   (2)  A document was previously filed in this case that contains confidential crime victim information as described in rule 2.423(b)(1), but a Notice of Confidential Crime Victim Information within Court Filing was not filed with the document and the confidential information was not maintained as confidential by the clerk of the court.  I hereby notify the clerk that this information is located as follows:

    (a)   Title/type of document: _____ ;

    (b)   Date of filing (if known): _____ ;

    (c)   Date of document: _____ ;

    (d)   Docket entry number: _____ ;

and either:

    ( )   Entire document is confidential, or

    ( )   The precise location of the confidential crime victim information is: _____ .


_____
Filer's Signature


CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to (here insert names or names, addresses used for service, and mailing addresses) by (portal) (e-mail) (delivery) (mail) on ….(date)…. [See Note 1].


Name:

_____

Address:

_____

Phone:

_____

Florida Bar No. (if applicable)

_____

E-mail address:

_____


Note 1: If the name or address of a Party or Affected Nonparty is confidential DO NOT include such information in the Certificate of Service. Instead, serve the State Attorney or request Court Service as described under rule 2.420(k).

Note 2: The clerk of the court shall review filings identified as containing confidential crime victim information to determine whether the information is facially subject to confidentiality under rule 2.423(d)(6). As provided under rule 2.423(d)(6)(B), the clerk shall notify the filer in writing within 5 days if the clerk determines that the information is not subject to confidentiality, and the records shall not be held as confidential for more than 10 days, unless a motion is filed pursuant to rule 2.420(d)(3).